## JOHNSON RAILROAD SIGNAL CO. v. UNION SWITCH & SIGNAL CO.

### (Circuit Court of Appeals, Third Circuit. April 17, 1893.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—WHAT CONSTITUTES SALE.

    A railroad company had acquired by license from the patentee the right to make and use patented signals on its lines, and it contracted with defendant, a switch and signal company, to make and erect them for a stipulated compensation, which defendant accordingly did. *Held*, that this was not a sale of the patented device by defendant, and hence it did not constitute infringement. 52 Fed. Rep. 867, reversed.

2. SAME—THREAT TO INFRINGE.

    Another railroad company advertised for proposals to furnish materials and do certain work on its line, which included furnishing and erecting such patented signals. Defendant offered to do the work, and furnish everything required except the signals, representing that these could be obtained for about $500 additional. The railroad company declined this offer, and defendant then proposed to furnish these signals for the additional $500; but a few days later it withdrew the proposal. *Held*, that this was not such a threat to infringe the patent as to warrant an injunction; for the presumption is that defendant intended to procure the signals by lawful means.

Appeal from the Circuit Court of the United States for the District of New Jersey.

In Equity. Bill by the Union Switch & Signal Company against the Johnson Railroad Signal Company for infringement of a patent. There was a decree for complainant, (52 Fed. Rep. 867,) and defendant appeals. Reversed.

Edwin H. Brown, for appellant.

J. Snowden Bell, for appellee.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The only questions presented by the assignments of error, requiring consideration, grow out of the charge of infringement, which is based on alleged sales to the Boston & Albany Railroad Company, and an alleged offer to sell to the Old Colony Railroad Company, of Massachusetts. We do not think either allegation is sustained by the proofs.

As respects the first, the facts are that the railroad company, first named, having acquired a right by license to make and use the signals on its lines, contracted with the appellant to make and erect them for a stipulated compensation; and that the latter did make and erect them accordingly. This was not a violation of the appellee's rights. The appellee, however, claims that it was, because the transaction, as it thinks, constituted a sale within the meaning and prohibition of the patent laws. A contract to make

and deliver specified articles for a given sum, is held under the statute of frauds not to constitute a sale, but simply an agreement for materials and labor. Mixer v. Howarth, 21 Pick. 205; Spencer v. Cone, 1 Metc. (Mass.) 283; Goddard v. Binney, 115 Mass. 450. It is unimportant here, however, by what name the transaction is designated. No injury resulted to the appellee. The appellant did for the railroad company, at its instance, only what the latter had a right to do under its license. The suggestion that it could not employ others to make the signals for its use, but must make them itself at its own shops, by its own workmen, is unwarranted by anything found in the license, or elsewhere. As it had a right to make them the appellee is not interested in the place or manner of its exercise. Nor is there any support for the suggestion that the appellee is entitled to a profit on the manufacture. The right to such profit passed with the license, irrespective of the individual who might do the work.

As regards the alleged threat, we find nothing in the proofs to sustain the allegation. It appears that the Old Colony Railroad Company advertised for proposals to furnish materials and do certain work on its line, which included furnishing and erecting these signals. The appellant offered to do the work and furnish everything required except the signals; representing that these could be obtained for about $500 additional. The railroad company declined the offer thus made; and the appellant then proposed to furnish the signals for the additional sum named. A day or two later, however, it withdrew the proposal. There is nothing in this to justify a belief that the appellant contemplated an infringement of the patent. The only justifiable inference from its offer to furnish the signals is that it intended to procure them from some one authorized to sell, or by other lawful means. But in any view of the transaction it does not show such a threat to infringe, when the bill was filed, as justifies an injunction. There is no evidence that it had the signals on hand for sale, or contemplated having them.

The decree must, therefore, be reversed, with directions to dismiss the bill.